ing maturity at the time of the sale, thus making even more irresistible the construction that a particular crop of cotton, and not cotton generally, was in the contemplation of the parties at the time they entered into the contract. We hold that delivery of the entire crop fulfilled the contract. To the same effect, see Ontario Fruit Asso. v. Cutting Packing Co., 134 Cal. 21 (53 L. R. A. 681, 86 Am. S. R. 231). See also Williston on Sales, § 661; Benjamin on Sales, §§ 569, 570.

       *Judgment reversed. Russell, J., disqualified.*

---

3228. WASHINGTON v. ATLANTIC COAST LINE RAILROAD CO. *et al.*

POWELL, J. The answer of the Supreme Court to the constitutional questions certified in the case controls it fully. See 136 *Ga.* 638.

          *Judgment reversed.*

Action for damages; from city court of Savannah—Judge Davis Freeman. February 11, 1911.

*Osborne & Lawrence,* for plaintiff.

*P. W. Meldrim, Shelby Myrick,* for defendants.

---

3442. CROUCH & SON v. SPOONER *et al.*

1. There was sufficient evidence to authorize the verdict.
2. A plea of total failure of consideration includes within its terms the defense of partial failure of consideration, but the defendant can have no abatement from the purchase-price on account of a partial failure of consideration, unless he furnishes to the jury sufficient data to enable them to estimate with reasonable certainty the amount of the abatement.
3. The court having charged the jury that unless the defendants sustained their plea of total failure of consideration, there should be a verdict for the plaintiff for the full amount sued for, and the jury having returned a verdict in favor of the defendants, the plaintiff will not be allowed to complain that the court did not submit instructions to the jury on the subject of partial failure of consideration.
4. Where the purchase-price of an article is represented by a series of promissory notes, and a plea of failure of consideration is filed, evidence is usually admissible to show that one or more of the series of notes has been paid.
5. Where a note given for the purchase-price of a horse is sued on and the defendant pleads failure of consideration, evidence is admissible to show that the keep of the horse was worth more than the services he was capable of performing.